[No. 3407.   March 31, 1930.]

STATE v. NICHOLS.

[288 Pac. 407.]

William H. Burnett, of Amarillo, Tex., and C. N. Higgins, of East Las Vegas, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

CATRON, J.

From a verdict of guilty of involuntary manslaughter and sentence of not less than nine nor more than ten years, defendant appeals.

Defendant was charged with murder in the first degree. The court submitted instructions and verdicts on murder in the first degree, second degree, and involuntary manslaughter. The information alleges that the homicide resulted from the discharge of a pistol by defendant, had and held in his hands, against and upon Zenon Gurule, thereby inflicting upon deceased a mortal wound, of which he died.

The record before us discloses that the issue of involuntary manslaughter was submitted to the jury upon the theory that the defendant, in carrying a deadly weapon at the time of the homicide, was committing an unlawful act not amounting to felony.

Although appellant has presented several grounds for reversal, it will only be necessary to consider one in disposing of this case; that is, whether, to support involuntary manslaughter, the unlawful act must be the proximate cause of the homicide.

The material undisputed facts essential to this question are: On the evening of August 21, 1927, defendant attended a public dance at the village of Sapello, San Miguel county, N. M.; at such time appellant was carrying a loaded revolver in his inside coat pocket; while dancing the revolver in some manner worked up and fell from his pocket to the floor, discharging, the bullet therefrom striking and killing Zenon Gurule.

Appellant contends that the homicide was the result of a mere accident, and that the unlawful act of carrying a deadly weapon was not the proximate cause thereof; that therefore there is no evidence whatever in the record to support the verdict, and that same is contrary to law.

Appellee contends that defendant in carrying a loaded revolver was committing an unlawful act, and that death resulting while committing such unlawful act is under our statute involuntary manslaughter, whether the unlawful act be the proximate cause or not.

Section 35—305, 1929 Comp., is as follows:

"Manslaughter is the unlawful killing of a human being without malice. It is of two kinds: 1st. Voluntary: Upon a sudden quarrel or in the heat of passion. 2nd. Involuntary: In the commission of an unlawful act not amounting to felony; or in the commission of a lawful act which might produce death, in an unlawful manner or without due caution and circumspection."

It would, in our opinion, be ridiculous to say that any accidental killing resulting indirectly or remotely while committing an unlawful act is involuntary manslaughter. Our statutes make it unlawful for a person to drive an automobile without a red tail-light or without first having obtained a license. If, while committing such an unlawful act alone, a person is accidently and unavoidably run over and killed, the unlawful act could have no bearing whatsoever upon the killing. Would any one contend that the driver be guilty of involuntary manslaughter? Our statutes also make the carrying of a deadly weapon an unlawful act. What has the mere carrying of the deadly weapon to do with the unlawful killing of a person with said weapon? The mere carrying of the weapon unaccompanied by some other act or factor could not result in death. It is our opinion that our statute contemplates that the unlawful act must be the proximate cause of the homicide. In this view we are almost uniformly supported by textwriters and decisions throughout the United States.

In 29 C. J. (Homicide) § 136, we find the following text:

"Where those circumstances are absent which will characterize an unintentional killing as murder, it is manslaughter at common law and under statutes declaratory thereof where one uninten-

tionally kills another in doing an unlawful act, not amounting to a felony, nor naturally dangerous to life, at least if the unlawful act is a misdemeanor and not a mere civil wrong, and is malum in se and not malum prohibitum, it being expressly held in some jurisdictions that the unlawful act must be condemned by some statute or valid municipal ordinance of the state. But the death must be due to the unlawful act of defendant and not to the intervening act or negligence of a third person; or to an independent intervening cause in which defendant did not participate and which he could not foresee, and the death must have been the natural and probable consequence of the unlawful act, and the act the proximate cause. * * *".

See, also, 13 R. C. L. (Homicide) § 148; Wharton on Homicide, (3d Ed.) § 213 and Michie on Homicide, Vol. 1, § 68.

For cases supporting the principle of law that the unlawful act must be the proximate cause of the homicide, see William Potter v. State, 162 Ind. 213, 70 N. E. 129, 64 L. R. A. 942, 943, 102 Am. St. Rep. 198, 1 Ann. Cas. 32; Jackson v. State, 101 Ohio St. 152, 127 N. E. 870; Dunville v. State, 188 Ind. 373, 123 N. E. 689, 690; People v. Barnes, 182 Mich. 179, 148 N. W. 400—405; Copeland v. State, 154 Tenn. 7, 285 S. W. 565, 49 A. L. R. 605-608; State v. Schaeffer, 96 Ohio St. 215, 117 N. E. 220, L. R. A. 1918B, 945, Ann. Cas. 1918E, 1137-1145; State v. Reitze, 86 N. J. Law, 407, 92 A. 576; Carbo v. State, 4 Ga. App. 583, 62 S. E. 140; Estell v. State, 51 N. J. Law, 182, 17 A. 118-119; Brittain v. State, 36 Tex. Cr. R. 406, 37 S. W. 758-760; Black v. State, 103 Ohio St. 434, 133 N. E. 795-796; note in People v. Sullivan, 63 L. R. A. 353-387.

In State v. Rogers, 31 N. M. 485-509, 247 P. 828, 838, Chief Justice Bickley in delivering the opinion of the court said:

"The statement sometimes appears in works of approved excellence to the effect that an unintentional homicide is a criminal offense when occasioned by a person engaged at the time in an unlawful act. The sense in which the phrase 'unlawful act' is used in this connection, however, is that such unlawful act must be one that is malum in se and not merely malum prohibitum."

We hold the correct rule to be that the unlawful act must be the proximate cause of the homicide in order to constitute involuntary manslaughter.

Applying the law to the facts of the case, the mere carrying of the revolver could not of itself have resulted in the homicide, something further was required; the revolver had to be discharged in some manner; but appellant did not discharge the revolver, as charged; it in some way worked out of his pocket, fell, and struck the floor and was discharged; the proximate cause of the homicide was the discharge of the weapon, not the unlawful carrying of same. The discharge of the revolver was the result of an unforseen accident. Such being the case, the verdict of involuntary manslaughter is not supported by any evidence and is contrary to law.

Defendant having been acquitted of all other degrees of homicide, and the verdict of involuntary manslaughter being fundamental error, the judgment of the trial court will be reversed and the cause remanded, with direction to discharge the defendant, and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

WATSON, J. and SIMMS, J., did not participate.