121 P.2d 145

**STATE v. SEWARD.**

No. 4654.

Supreme Court of New Mexico.

Jan. 14, 1942.

Harold O. Gore, of Clovis, for appellant.

Edward P. Chase, Atty. Gen., and C. C. McCulloh, Asst. Atty. Gen., for appellee.

ZINN, Justice.

The appellant was charged with the unlawful killing of one Fate Brasher. From the bill of particulars attached to the information it appears that the appellant, while operating a motor vehicle under the influence of intoxicating liquor on the public highways in New Mexico and without an operator's or chauffeur's license, drove said vehicle in such a manner that Fate Brasher, a passenger in said motor vehicle was killed. The case went to the jury and the appellant was found guilty of involuntary manslaughter. Appellant was sentenced to the penitentiary. From the judgment and sentence this appeal is prosecuted.

The court instructed the jury as follows: "(b) That the said Fate Brasher was killed by the Defendant, Guy Seward, while the said Guy Seward was engaged in the commission of an unlawful act not amounting to a felony, in that the said Guy Seward was operating the motor vehicle with which the killing was done on the highway of

Roosevelt County, New Mexico, without a license, or that while operating said motor vehicle the Defendant, Guy Seward, was under the influence of intoxicating liquor."

The appellant objected to that portion of the instruction where it read: "without a license from the State of New Mexico to operate a motor vehicle," and requested in lieu thereof his requested instruction No. 1, as follows: "The court has admitted testimony to the effect that the defendant, while operating the car at the time of the accident, was not then and there in possession of a driver's license. In this connection you are instructed that the possession of a driver's license by the defendant at said time and place is not a material issue in the trial of this cause." The court denied the request.

Appellant also requested the court to give the following instruction, to-wit: "The court has admitted testimony to the effect that the defendant, while operating the car at the time of the accident, was not then and there in possession of a driver's license. In this connection you are instructed that the possession of a driver's license at said time and place is not a material issue in the trial of this cause, unless you find from the evidence beyond a reasonable doubt that such failure of the defendant to have in his possession a driver's license at said time and place, was the proximate cause of the death of the said Fate Brasher." The court refused to give such requested instruction.

To the rulings of the court proper exceptions were made by the appellant.

The assignments of error on appeal relate themselves to the proposition of law, namely: Is a person who unintentionally kills another, while in the commission of an unlawful act not constituting a felony, guilty of involuntary manslaughter when there is absolutely no causal connection between the commission of the unlawful act and the homicide?

In the instant case the specific question is whether or not the failure of the appellant to have in his possession an operator's of chauffeur's license at the time he unintentionally killed Brasher be the basis of the charge of involuntary manslaughter, when such failure to possess the license is not shown to be the proximate cause of the homicide.

This question, in the general application of the rule, has been presented to this court once before. In the case of State v. Nichols, 34 N.M. 639, 288 P. 407, the question was presented and correctly decided. We there said:

"Section 35-305, 1929 Comp., is as follows:

" 'Manslaughter is the unlawful killing of a human being without malice. It is of two kinds: 1st. Voluntary: Upon a sudden quarrel or in the heat of passion. 2nd. Involuntary: In the commission of an unlawful act not amounting to felony; or in the commission of a lawful act which might

produce death, in an unlawful manner or without due caution and circumspection.'

"It would, in our opinion, be ridiculous to say that any accidental killing resulting indirectly or remotely while committing an unlawful act is involuntary manslaughter. Our statutes make it unlawful for a person to drive an automobile without a red taillight or *without first having obtained a license*. If, while committing such an unlawful act alone, a person is accidently and unavoidably run over and killed, the unlawful act could have no bearing whatsoever upon the killing. Would any one contend that the driver be guilty of involuntary manslaughter? * * * It is our opinion that our statute contemplates that the unlawful act must be the proximate cause of the homicide. In this view we are almost uniformally supported by text-writers and decisions throughout the United States." (Italics ours)

Citing again from the same case:

"In State v. Rogers, 31 N.M. 485–509, 247 P. 828, 838, Chief Justice Bickley in delivering the opinion of the court said:

" 'The statement sometimes appears in works of approved excellence to the effect that an unintentional homicide is a criminal offense when occasioned by a person engaged at the time in an unlawful act. The sense in which the phrase "unlawful act" is used in this connection, however, is that such unlawful act must be one that is malum in se and not merely malum prohibitum.'

"We hold the correct rule to be that the unlawful act must be the proximate cause of the homicide in order to constitute involuntary manslaughter."

See also State v. Sisneros, 42 N.M. 500, 82 P.2d 274, and State v. Harris, 41 N.M. 426, 70 P.2d 757.

In the instant case, we cannot see where the failure of the appellant to possess a driver's license is even remotely connected with the accident which caused the death. We reach this conclusion even though the Attorney General attempts to persuade us that the appellant might have been nervous while driving because he knew he didn't have the necessary license. The record is devoid of any evidence of nervousness upon the part of the appellant while driving the car. Intoxicated probably, but not nervous.

The Attorney General argues that inasmuch as the appellant also was charged with the taking of the life of Brasher while operating a motor vehicle under the influence of intoxicating liquor that the jury might have found that charge as the basis of his guilt. The issue of the appellant's intoxication was presented to the jury on disputed facts. There was no dispute of facts relating to the appellant's failure to possess the driver's license.

The court instructed the jury that it could find the appellant guilty because he was intoxicated *or* because he failed to possess the driver's license. This was a double barreled charge. Neither this court nor the trial court can say with certainty wheth-

er the jury found the appellant guilty because he was driving the car while under the influence of liquor or because he did not possess the license. If the latter be the basis of the verdict, then the appellant is being sent to the penitentiary wrongfully. This court cannot permit that.

The court erred in refusing to give appellant's requested instruction No. 2 or one of like import. This instruction would have directed the mind of the jury to the proposition that the failure of the appellant to have in his possession the license was immaterial unless such failure to possess was the proximate cause of the death of Brasher.

For the reasons given the judgment and sentence will be reversed and the cause remanded with directions to give the appellant a new trial.

It is so ordered.

BRICE, C. J., and SADLER, MABRY, and BICKLEY, JJ., concur.