## SULLIVAN v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5119. Decided May 4, 1932. (10 P. [2d] 924.)

*Dey, Hoppaugh, Mark & Johnson,* of Salt Lake City, for plaintiff.

*Geo. P. Parker,* Atty. Gen., and *Bagley, Judd & Ray,* of Salt Lake City, for defendants.

FOLLAND, J.

Plaintiff by this review seeks to reverse an order of the Industrial Commission of Uath denying compensation for injuries suffered by him at Poughkeepsie, N. Y. The Industrial Commission concluded, after a hearing and the making of findings, that the accident from which the injuries to plaintiff resulted did not arise out of or occur to plaintiff while he was engaged in the course of his employment. The only question for review is whether this conclu-

sion was justified by the law and the evidence. The findings of the commission state the facts fairly and adequately as follows:

"That the applicant, Murray Sullivan, was employed by and for the Receiver as General Manager of the Salt Lake & Utah Railroad Company; that while en route to New York at the request of the Receiver, on company business, his train was two or three hours late. On reaching Poughkeepsie, N. Y., about 4:30 p. m., on Thursday, February 20th, 1930, applicant who was accompanied by his wife, decided that in as much as he could not reach New York in time to transact business on that day they would stop off at Poughkeepsie that night and visit with their daughter, who was there attending Vassar College, and take the train the next morning for New York.

"That upon the arrival of the train at Poughkeepsie at about 4:30 p. m., applicant and his wife were met by their daughter at the station and were taken to Vassar Alumni House, a hotel, where they secured accommodations for the balance of that day and that night; that the applicant and his wife then had, as their guests, for dinner at the Alumni House, their daughter, Nancy, and several of her girl friends; that following dinner, it being dark and foggy, applicant and his wife undertook to escort their daughter and her friends from the Alumni House on one side of the main street of Poughkeepsie known as Raymond Avenue, to the dormitory, where the daughter lived, located on the Vassar campus proper and across the street from the Alumni House; that in crossing said street the wife and daughter of applicant together with certain guests constituted one group while applicant and other of said guests constituted a second group; that while thus proceeding across said street applicant was struck by a motorcycle then and there being driven by one Edward Terrell, and as a result thereof sustained the injuries for which applicant now asks compensation."

The findings are fully supported by, and are in harmony with, the evidence, although it is also shown that Mr. Sullivan was employed at an annual salary payable semi-monthly, that there were no specific hours when he was required to be on duty, but was subject to call at all times, and that the business of the company which he was required to transact on his eastern trip required that he be present and consult with persons at Chicago, New York, and Boston.

It is contended on behalf of plaintiff that the trip which his employer required him to make exposed him to all the

hazards of travel; that he was in the due course of the business of his employer at all times from his departure from Salt Lake City until his return; that so long as he was doing those things reasonably incidental on the trip he was in the scope and in the course of his employment; that in leaving the train at Poughkeepsie he was merely choosing the place to rest for the night which was in the interest of his health, instead of going on to New York City and resting at a hotel there; that in so doing he did not step outside of his employment, but did only what under the circumstances was a reasonable incident to the trip.

We think the order of the commission must be sustained. Plaintiff was not necessarily covered by the Industrial Act (Comp. Laws Utah 1917, §§ 3061-3165 as amended) every moment of the time he was absent from Salt Lake City on this business trip. It was evidently intended that he might combine business and pleasure. It was possible for him to step aside from his employment and do things not all connected with or incidental to his employment. When he left the train at Poughkeepsie to spend the afternoon and evening with his daughter and her friends, he did step aside from his employment to indulge in a personal pleasure wholly disconnected from the business for his employer. Even if it be considered that he did not step aside from his employment in choosing to sleep in a hotel at Poughkeepsie instead of New York City, still we think it must be held that in entertaining his daughter and her friends at dinner and in taking the short journey wherein he undertook to accompany them to the college dormitory was a diversion purely personal and in no way prompted by, or beneficial to, the interest of his employer. His employment did not require that he stop at Poughkeepsie nor that he should consult with or transact any business at or about the place where the accident occurred. There could be little doubt that he would have stepped aside from his employment if he had taken a side trip to Niagara Falls with his wife and daughter and the accident had happened there.

The only difference is that the departure from the exact line of duty was less in both time and distance in visiting with his daughter at Poughkeepsie than it would have been at Niagara Falls.

Though an employee is by the terms of his employment required to be ready to perform his duties for the employer at any hour of the day or night, it does not follow that every accident or injury that he may receive during the course of the twenty-four hours arises out of his employment. To be compensable, it must appear that at the time of the injury he was discharging some of the duties he is employed to perform or that what he is doing is in some way connected with or incidental to the duty owing to the master. In *Gallop* v. *City of Pomona*, 1 Cal. I. A. C. D. 6, 7 N. C. C. A. 411.

Counsel for plaintiff cites and relies on the case of *Kahn Bros. Co.* v. *Industrial Commission*, 75 Uath 145, 283 P. 1054, wherein it is said:

"It is a general rule that injuries sustained while an employee is traveling to and from his place of employment are not compensable. An exception to this rule, however, is where an employee, either on his employer's or his own time, is upon some substantial mission for the employer growing out of his employment. In such cases the employee is within the provision of the act. The mission for the employer must be the major factor in the journey or movement and not merely incidental thereto."

The precise question in that case was whether the employee was in the course of the execution of an errand or special mission in behalf of the employer at the time he suffered the accident, and this court held that he was, because he had resumed the purpose of his employment when he left home bound for the post office and other offices where his business called him. He was injured in a street accident while he was directing his course to the place where he intended to transact business for and on behalf of his employer. This cannot be said of Mr. Sullivan, for the rea-

son that at the time of the accident to him he was engaged with his own affairs and had not yet commenced his journey toward the place where he would transact business for his employer. His journey had been interrupted for his own purposes, and he had not yet completed the thing which he had interrupted his journey to do, and had not yet undertaken to direct his steps toward the place where he would transact the business of his employer.

The case has been ably presented in the briefs for both parties, but we shall not undertake to cite or comment on all the cases. In the cases cited by plaintiff, to which we refer, it will be noted that in each of them the employee was at the time of the accidental injury either going toward or directly from the place where he was to transact or had transacted business for his employer, and had not stepped out of such employment for purposes of his own pleasure or accommodation. In *Frigidaire Corporation* v. *Industrial Accident Commission,* 103 Cal. App. 27, 283 P. 974, the manager in behalf of the refrigerator plants with headquarters at San Francisco after finishing his labors at Reno, Nev., was at the railroad station intending to board a train bound for San Francisco when struck by a wild bullet from a policeman's pistol, discharged in pursuit of a fleeing criminal. Compensation was awarded on the theory that the manager was then engaged in the employer's business. In *State Compensation Insurance Fund* v. *Industrial Commission of Colorado,* 80 Colo. 130, 249 P. 653, a superintendent of a city electric system was returning by auto from a certain city where he had been transacting business for his employer when he was set upon and killed by robbers. His death was held to arise out of his employment. In this case he had been authorized to go to Dodge City and transact business, but instead of transacting the business at that place he traveled through Dodge City and on to Wichita where he did the business for his employer, and, after stepping aside from his employment and visiting with his family, returned by way of Dodge City, and was directly en route to

the place of his employment when his death occurred. His death was held to be compensable. In *State* v. *District Court,* 141 Minn. 61, 169 N. W. 274, a traveling salesman, after finishing his week's work, was returning to his home, which was shown to be his headquarters, and was drowned in attempting to cross the Missouri river after a flood had disconnected rail operations across the river. He was returning by the most direct route, and the court held he had not stepped out of the line of his employment. In *Taylor* v. *St. Paul's Universalist Church,* 109 Conn. 178, 145 A. 887, a preacher was compensated for an injury he received while visiting near Mt. Vesuvius in Italy. The court based its decision on the ground that the preacher was actively engaged at the time in gathering information to be used in a series of lectures which he was thereafter to give for the benefit of his employer.

The following cases support the view we have taken that, when one interrupts or breaks the continuity of his employment for purposes of his own whether for recreation or pleasure, and the accident happens before he brings himself back into the line of his employment, the injury resulting is not compensable because it does not arise out of or in the course of his employment. *Cook's Case,* 243 Mass. 572, 137 N. E. 733, 29 A. L. R. 114; *State ex rel. Niessen* v. *District Court of Ramsey County,* 142 Minn. 355, 172 N. W. 133; *Wynn* v. *Southern Surety Co.* (Tex. Civ. App.) 26 S. W. (2d) 691; *Southern Casualty Company* v. *Ehlers* (Tex. Civ. App.) 14 S. W. (2d) 111; *Pflug* v. *Roesch & Klinck,* 229 App. Div. 54, 240 N. Y. S. 740.

The order of the Industrial Commission denying compensation is affirmed.

J. W. CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.