Frank F. LANE, Plaintiff and Appellant,

and

Industrial Indemnity Company, a corporation, Intervenor-Plaintiff,

v.

Robert H. MESSER, Honeywell, Inc., Dooley's, a Utah corporation, Steak Company 80, a Utah limited partnership, and John Does 1–10, Defendants and Respondents.

Frank F. LANE, Plaintiff and Appellant,

and

Industrial Indemnity Company, a corporation, Intervenor-Plaintiff and Appellant,

v.

Robert H. MESSER, Honeywell, Inc., Dooley's, a Utah corporation, Steak Company 80, a Utah limited partnership, and John Does 1–10, Defendants and Respondents.

Nos. 19190, 19206.

Supreme Court of Utah.

Dec. 23, 1986.

See also, 689 P.2d 1333.

Jackson Howard, Salt Lake City, for plaintiff and appellant.

Raymond M. Berry, Salt Lake City, for Honeywell.

F. Robert Bayle, Salt Lake City, for Industrial Indem.

Jay E. Jensen, Salt Lake City, for Messer.

Paul S. Felt, Salt Lake City, for Dooley's.

John R. Merkling, Salt Lake City, for Lytron.

HOWE, Justice.

Plaintiff Frank F. Lane, having complied with Rule 54(b) of the Utah Rules of Civil Procedure, appeals from a summary judgment of the district court which dismissed his complaint for personal injuries as against defendant Honeywell, Inc. The issue presented is whether the evidence before the district court raised a genuine issue as to any material fact which would preclude the entry of summary judgment. Utah R.Civ.P. 56(c).

On July 24, 1981, a little after midnight, Lane was driving a tractor-trailer rig south on Interstate Highway 15 in Salt Lake County when his brake system malfunctioned. He pulled onto the shoulder of the highway to repair it. He turned on the emergency flashers. As he walked out from between the tractor and the trailer after completing repairs, he was struck by a van driven by defendant Robert H. Messer. As a result of the accident, Lane suffered multiple injuries, several of which have caused severe, permanent disability.

Messer was employed as an installer and repairman of Honeywell burglary alarm systems. At the time of the accident, he was driving a van provided to him by Honeywell. He had continuous custody of the van to enable him to respond to service calls after regular working hours. On the evening before the accident, Thursday, July 23, Messer left his employer's place of business in Salt Lake City at around 5:00 p.m. He was to be off work until Monday morning. He went to his home in a suburban city and changed clothes. At approximately 9:00 p.m., he drove the Honeywell van back into Salt Lake City to a private club, Dooley's, where he consumed several alcoholic drinks. He was on his way home when the accident occurred. At the time of

the accident, his blood alcohol level was .13%. This level is in excess of the blood alcohol content of .08% declared unlawful by U.C.A., 1953, § 41–6–44.

Deposition testimony indicated that Honeywell's policy proscribed personal use of Honeywell vehicles except for commuting between home and work unless the employee received express prior authorization. Employees were not to drive while intoxicated or to consume alcohol within eight hours of coming to work. Violation of this policy could result in immediate termination. Written copies of the policies were not provided to employees.

Testimony also indicated, however, that personal use violations were rampant. It was generally understood among employees that personal use of the Honeywell vans was permissible providing it was not excessive. Examples of excessive use were given as deer hunting, dune buggying, or trips out of town. However, excessive uses occurred, and no remedial action was taken against offenders. Occasional meetings were held where all employees were generally reminded of the personal use and intoxication policies when rumors of such activities were heard by supervisors. The intent was "not [to] point a finger at anyone." Messer's immediate supervisor testified that he knew Messer used the van for personal use.

Honeywell conducted no investigation into the driving records of employees who were assigned vans. Company policy required the drivers of company vehicles to have class A chauffeur's licenses. Messer had only a valid Utah operator's license.

Plaintiff Lane filed a complaint against Messer and Honeywell for damages. The complaint was amended to add Dooley's and its affiliated entities as defendants. Industrial Indemnity Co. filed a complaint in intervention to seek reimbursement for the benefits it paid to Lane as his employer's workers' compensation insurer. In his amended complaint, Lane sought recovery against Honeywell on two theories: first, that Messer was acting within the scope of his employment at the time of the accident and, second, that Honeywell was negligent in entrusting the van to Messer. Honeywell moved for and was granted summary judgment against Lane on both theories. We will separately discuss the court's ruling on each theory.

I.

The question of whether an employee is acting within the scope of his employment at a particular time is normally a question for the fact finder unless there is only one reasonable conclusion that can be drawn from the evidence. In the instant case, Honeywell for its own benefit required its employees to take their service vans home with them. However, Honeywell did not require or encourage employees to drive those vans except when they were making an after-hours service call. To the contrary, Honeywell proscribed personal use of its vehicles except for commuting between home and work. The accident with Lane took place shortly after midnight, approximately seven hours after Messer had left work. He made no service call during that time. The evidence was uncontradicted that Messer left his home and drove the van on the public highways for the specific purpose of going to a club to drink with friends. He drove the van because he did not have a car of his own. The accident with Lane occurred as he was returning home from the club. Under these facts, there is only one reasonable conclusion that can be drawn. Messer was not performing any act he was hired to perform and was not motivated in any way by a purpose to serve his employer at the time of the accident. *Martinson v. W–M Insurance Agency, Inc.,* 606 P.2d 256 (Utah 1980); *Thompson v. Industrial Commission,* 83 Utah 171, 27 P.2d 436 (1933); *Sullivan v. Industrial Commission,* 79 Utah 317, 10 P.2d 924 (1932); *Ford Motor Co. v. Industrial Commission,* 64 Utah 425, 231 P. 432 (1924). Therefore, as a matter of law, he was not acting within the scope of his employment at the time the accident occurred.

## II.

As a general rule, ownership of a motor vehicle does not alone subject the owner to liability for the negligence of permissive users. 60A C.J.S. *Motor Vehicles* § 428. The legislature has made an exception to that general rule in U.C.A., 1953, § 41–2–22, which provides that every owner of a motor vehicle causing or knowingly permitting a minor under the age of eighteen years to drive it and any person who gives or furnishes a motor vehicle to such a minor shall be jointly and severally liable with the minor for any damage caused by the minor's negligence. Other exceptions have been carved out by case law. They may be summarized generally as instances in which the owner has negligently entrusted the vehicle to a driver that he knows or in the exercise of reasonable care should have known to be an incompetent, careless, reckless, or inexperienced driver or an intoxicated driver. 60A C.J.S. *Motor Vehicles* § 431(1)–(2). Liability has also been found where the owner knows or by the exercise of reasonable care should have known of the defective and unsafe condition of the vehicle. *Id.* at § 430.

■ There is evidence that Messer was operating the van with the express or implied permission of Honeywell. True, Honeywell apparently had a rule forbidding private use of its vehicles, but there is evidence of its widespread violation which was well known to Honeywell management. However, that fact alone is insufficient to make Honeywell liable for Messer's negligent driving. Messer had a valid driver's license, and in the eighteen months that he had been employed by Honeywell, he had driven without incident. There was no evidence that he had at any time prior to the accident driven while he was intoxicated or even that he imbibed. Therefore, under the law there is no basis to impose liability on Honeywell on the theory of negligent entrustment, and the summary judgment entered in favor of Honeywell was proper.

■ Lane contends that a jury could find negligence on the part of Honeywell by reason of its failure to enforce its prohibitions against personal use of its vehicles. There is no logic in that contention. Honeywell's rule against personal use was an internal rule for the benefit of Honeywell. Violation of those rules does not in any way enlarge the right of the plaintiff. Honeywell had the perfect right to have no rule at all against personal use or to decline to enforce its rule if it so chose. Since Lane cannot show negligence on the part of Honeywell in its entrustment of the vehicle to Messer on one of the theories mentioned above, Honeywell can have no liability.

■ Lane also contends that Honeywell as a self-insurer is liable for the minimum personal injury protection benefits provided by Utah's no-fault insurance statutes, U.C.A., 1953, §§ 31–41–1 to –13.4.[1] However, that issue was not raised by the pleadings and was not addressed by the trial court, but is raised for the first time on appeal. We therefore decline to rule on it, but refer the reader to our recent opinion in *Foster v. Salt Lake County*, 712 P.2d 224 (Utah 1985), where we discussed the liability of self-insurers for the negligence of permissive users.

Judgment affirmed.

STEWART, Justice, concurs.

ZIMMERMAN, Justice, (concurring):

I agree that the judgment below should be affirmed. However, I diverge slightly in my analysis of the negligent supervision issue.

Plaintiff Lane argues that Honeywell can be held liable for Lane's injuries because it failed to enforce its rule against the personal use of company vehicles. Justice Howe analyzes this claim under a negligent-entrustment-of-a-vehicle theory, relying on 60A C.J.S. *Motor Vehicles* §§ 428, 430, 431, 432. I think a more straightforward analysis is made under sections 315

---

**1.** Utah's Insurance Code was redrafted in 1986; title 31 has been replaced by title 31A.

and 317 of the Restatement (Second) of Torts.

The crux of Lane's position is that Honeywell had a duty to control Messer's conduct in using the company vehicle. In general,

[t]here is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless ... a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct....

Restatement (Second) of Torts § 315 (1965). In some cases, a special relationship may exist between an employer and an employee that will give rise to such a duty to control even when the employee is acting outside the scope of employment. However, because the employee is acting outside the scope of employment, the exposure to liability created by section 315 of the Restatement (Second) of Torts, unlike the liability imposed on the employer by the doctrine of *respondeat superior*, does not arise simply because the employment relationship exists; it is imposed only when special circumstances exist and are known to the employer. For example, an employer must exercise reasonable care to control an employee acting outside the scope of employment to prevent that employee from creating an "unreasonable risk of harm to others" if the employee is using an employer's chattel and the employer "knows or should know of the necessity and opportunity for exercising control." Restatement (Second) of Torts § 317 (1965); *see also* Annot., 48 A.L.R.3d 359, § 2[b] at 361 (1973).

Plaintiff Lane argues that Honeywell could be found liable under the theory set forth in section 317 of the Restatement. Specifically, he contends that since Honeywell's employees used company vehicles for personal purposes with Honeywell's implied consent, Honeywell should be liable for any consequences of that personal use.

That line of reasoning does not satisfy the requirements of section 317. Liability is not fixed upon an employer merely for permitting an employee to use an employer's chattel; rather, the employer must know or have reason to know that there is a need to control the employee because of the risk his use of the chattel creates. *S. Birch & Sons v. Martin*, 244 F.2d 556 (9th Cir.1957); *Abraham v. S.E. Onorato Garage*, 50 Hawaii 628, 639, 446 P.2d 821, 826 (1968). Thus, under section 317 of the Restatement, Honeywell was only obliged to take reasonable steps to prevent Messer from creating an *unreasonable* risk of bodily harm to others resulting from his use of the company's van *if* Honeywell knew or had reason to know that such steps were necessary.

Viewing the facts as alleged in a light most favorable to plaintiff, there is nothing that would permit a jury to find Honeywell liable under section 317 of the Restatement. Simply permitting an employee to use a vehicle for personal purposes—the sole act of negligence alleged against Honeywell—does not create an unreasonable risk of harm to others.[1] *See Spencer v. Gamboa*, 102 N.M. 692, 693, 699 P.2d 623, 624, *cert. denied*, 102 N.M. 734, 700 P.2d 197 (1985); *cf. Gill v. Schaap*, 601 P.2d 545, 547 n. 1 (Wyo.1979); *Cain v. Doe*, 378 So.2d 549 (La.App.1979). To satisfy section 317, the jury would have to find that Honeywell knew or had reason to know that Messer would drive the van while intoxicated, thus creating an unreasonable risk to others. As Justice Howe notes, there is absolutely no evidence in the record to support such a finding. The uncontroverted evidence is that Messer was a good employee and that Honeywell had no reason to believe that he might drive the van while intoxicated. *See Abraham v. S.E. Onorato Garage*, 446 P.2d at 820; *accord Costa v. Able Distributors, Inc.*, 3 Hawaii App. 486, 653 P.2d 101, 105 (1982).

1. Utah has never accepted the proposition that a car is a dangerous instrumentality. *Cf. Thompson v. Ford Motor Co.*, 16 Utah 2d 30, 395 P.2d 62, 64 (1964) (dicta). And as Justice Howe points out, ownership of a motor vehicle does not, in and of itself, subject the owner to liability for the negligence of permissive users.

HALL, C.J., and DURHAM, J., concur in the concurring opinion of ZIMMERMAN, J.