**Frank LANE, Plaintiff,**

v.

**HONEYWELL, INC., Defendant.**

**Civ. No. C86–445G.**

United States District Court,
D. Utah, C.D.

May 26, 1987.

Jackson Howard, Provo, Utah, for plaintiff.

Joy L. Sanders, Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter came before the court on March 23, 1987, pursuant to the defendant's Motion for Summary Judgment. Frank Lane ("Lane") was represented by Jackson Howard, and Honeywell, Inc. ("Honeywell") was represented by Joy L. Sanders. Both parties submitted memorandums and presented extensive oral argument. On April 6, 1987, evidence was heard with respect to the existence and scope of certain insurance coverage for Honeywell, after which the court took the matter under advisement. The court being

now fully advised sets forth its Memorandum Decision and Order.

## I. FACTS

### A. *The Accident*

On July 24, 1981, at about 2:15 a.m. Lane pulled his tractor-trailer rig onto the shoulder of southbound I–15 to repair a malfunction in his brake system. As he walked from between the tractor and the trailer he was struck by a van which Robert Messer was driving. The accident caused Lane serious permanent injury. Honeywell employed Messer to install and repair burglar alarm systems it manufactured. Honeywell owned the van Messer was driving at the time of the accident, and Honeywell had given Messer continuous custody of the van so that Messer could respond to service calls at anytime. Messer had left work on July 23, 1981 at about 5:30 p.m. He went home, changed clothes and drove back into the city to meet friends for drinks at Dooley's Inc. Messer was returning home after that rendezvous when he hit Lane. Messer's blood alcohol level was .13% which is in excess of that permitted under Utah law.

### B. *The Lawsuits*

The accident has, thus far, given rise to four lawsuits. The first lawsuit was filed in Utah state court in August 1981. It was styled *Frank F. Lane v. Robert H. Messer, Honeywell, Inc., Dooley's, a Utah corporation, State Company 80, a Utah limited partnership and John Does 1 through 10* (*"Lane v. Messer"*). In that case, Lane pleaded two theories of liability against Honeywell. Lane charged that Honeywell was vicariously liable for Messer's negligence under principles of *respondeat superior*, and that Honeywell was directly liable for negligently entrusting its van to Messer. The trial court granted Honeywell's motion for summary judgment of no cause of action, finding that Messer was

not within the scope of his employment with Honeywell at the time of the accident, and that Honeywell was not negligent in entrusting the van to Messer. Lane appealed the court's ruling to the Utah Supreme Court. The high court upheld the trial court's rulings. *Lane v. Messer,* 731 P.2d 488 (Utah 1986). The case proceeded to trial, and Lane obtained a judgment for $1,633,471.00 against Messer.

The second lawsuit was filed in September of 1982, again in state court. It was styled *Hartford Accident and Indemnity Company v. Robert H. Messer* (*"Hartford v. Messer"*). Hartford Accident and Indemnity Company ("Hartford") sought declaratory judgment against Messer. The complaint alleged that Honeywell was the named insured under Hartford's "Excess Automobile and General Liability Policy," Policy No. 41XSRP21602E ("Liability Policy"), that Messer at the time of the accident was operating Honeywell's vehicle without Honeywell's permission, and that Messer was not an insured under the Liability Policy. After a hearing on the merits the court granted Hartford declaratory judgment to that effect.

The third lawsuit was filed in the United States District Court for the District of Utah, in August 1985. The suit was styled *Robert H. Messer and Frank F. Lane v. Hartford Accident & Indemnity Company* (*"Messer v. Hartford"*). Plaintiffs alleged that Messer was operating Honeywell's van with Honeywell's knowledge and implied permission, and that consequently Messer was an insured under the Liability Policy. The plaintiffs also alleged that Hartford had breached its duty of good faith toward Frank Lane who was a third-party beneficiary of the insurance policy. The case proceeded to trial,[1] and the jury determined that Messer was not driving the Honeywell van with Honeywell's express or implied permission. Thereupon, the court entered judgment against the plaintiffs, to the effect that Messer was

---

**1.** A motion for summary judgment based on claim and issue preclusion problems raised by *Hartford v. Messer* was heard. In its Memorandum Decision and Order of July 12, 1986, the court found that the parties had not fully and fairly litigated the factual issue of Messer's permissive use in the previous case noting that Messer expected to be judgment-proof and therefore did not actively defend in Hartford's declaratory judgment action.

operating the van without Honeywell's express or implied permission, that Messer was not an insured under the Liability Policy, and consequently, that Hartford had no liability on behalf of or duty to defend Messer. Plaintiff filed Notice of Appeal in this action on December 18, 1986. The appeal is pending.

The fourth suit is the one currently before the court. It was initiated in May 1986, and is styled *Frank Lane v. Honeywell, Inc.* In his Complaint, Lane alleges three causes of action against Honeywell. First, Lane alleges that Honeywell carried insurance to the extent of $1,000,000 with "self-insured retention" to the extent of $100,000. Lane alleges that in contemplation of law Robert Messer was a "named insured" under the policy, and that Lane, therefore, is entitled to satisfy his judgment to the extent of $100,000 against Messer out of Honeywell's self-insurance portion of the coverage. Second, Lane alleges that Honeywell conspired with Hartford, contrary to public policy, to allow Hartford to seek declaratory judgment "to the effect that there was no insurance coverage applicable to the accident." As a result, Lane alleges that Messer was a named insured "regardless of whether he was in the course of his employment," and as a matter of public policy Honeywell is liable to Lane for $1,000,000, the full extent of coverage under the Liability Policy. Third, Lane alleges that by reason of its election to self-insure, Honeywell is liable to Lane in the amount of $20,000 in accordance with Utah Code Ann. § 41–12–1 and in the amount of $2,000 in accordance with Utah Code Ann. § 31–41–2.

## II. LEGAL ANALYSIS

Honeywell avers that Lane's action is barred by the doctrine of res judicata.[2] Actually, Honeywell gives two grounds justifying its Motion for Summary Judgment.

First, Honeywell argues that the claims Lane brings in this lawsuit are barred by principles of claim preclusion. Second, Honeywell argues that principles of issue preclusion collaterally estop Lane from relitigating the question of whether Messer was a permissive user of Honeywell's van at the time of the accident, and that the question of Lane's permissive use is determinative of this case.

### A. Claim Preclusion

Honeywell argues that in *Lane v. Messer* Lane had a full and fair opportunity to litigate any claim it might have had against Honeywell, and that consequently all of Lane's present claims against Honeywell are barred. Under the full faith and credit statute, 28 U.S.C. § 1738, federal courts must generally give the same preclusive effect to a state court judgment that the judgment would have received in the courts of that state. *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331–32, 84 L.Ed.2d 274 (1985); *Carter v. City of Emporia, Kansas*, 815 F.2d 617, 619 (10th Cir.1987). This court, therefore, must turn to the claim preclusion rules of Utah to determine whether and to what extent the prior state judgment bars Lane's action in federal court.

In *Penrod v. Nu Creation Creme, Inc.*, the Supreme Court of Utah stated that,

[C]laim preclusion, bars the relitigation by the parties or their privies of a claim for relief that was once litigated on the merits and resulted in a final judgment between the same parties or their privies.... The same rule also prevents relitigation of claims that could and should have been litigated in the prior action but were not.

669 P.2d 873, 875 (Utah 1983) (citations omitted). Under the rules stated in *Penrod*, subsequent assertion of a claim by one

**2.** In *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984), the Supreme Court noted that "the preclusive effects of former adjudication are discussed in varying and, at times seemingly conflicting terminology." The Court noted that the term "res judicata" consists of

two preclusion concepts: issue preclusion and claim preclusion. In order to avoid confusion this court will utilize these terms in analyzing the preclusive effects of a former judgment. *See* 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4402 (1981).

party against another is barred if, (1) there was prior litigation between the same parties or their privies, (2) which resulted in a final judgment on the merits, and (3) the claim now asserted was or should have been litigated in the prior litigation. *Id.*

■ In the case before the court the parties acknowledge that there has been prior litigation between them regarding the accident and that the prior litigation resulted in a final judgment on the merits. In *Lane v. Messer,* Honeywell was granted summary judgment of "no cause of action." The decision was appealed and affirmed. However in that case Lane did not assert the claims he attempts to assert here. The question before the court is whether Lane's present claims should have been raised in the prior litigation. The criteria for determining what claims should have been brought in prior litigation are not clear under Utah law.[3] The majority of jurisdictions and commentators require assertion of all theories for relief against a defendant with respect to all or any part of a transaction, or series of transactions out of which the action arose. *See* 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4407 (1981); Restatement (Second) of Judgments § 24 (1982). This court has little trouble finding that Lane was required to have asserted all theories of Honeywell's liability with re-

gard to the accident, including theories based on Honeywell's alleged insurer status, if such theories could have been brought in the prior action.[4] But Lane asserts that the Utah Rules of Civil Procedure, as interpreted in *Christensen v. Peterson,* 25 Utah 2d 411, 483 P.2d 447, 448 (1971) prohibited Lane from bringing claims against Honeywell in its capacity as insurer, in an initial action where Messer was also a defendant. In *Christensen,* the Utah Supreme Court did hold that a plaintiff could not join his own insurer as defendant in a case against a tortfeasor. However, *Christensen* does not control this case because the assertion of insurance theories against Honeywell in the original action would not have violated the Christensen holding. Further, the *Christensen* court in its rationale noted that the policy of not disclosing the existence of insurance coverage was a reason for not allowing joinder. Id. at 449 (citing *Young v. Barney,* 20 Utah 2d 108, 433 P.2d 846 (1967)). That policy would not apply to have prevented assertion of insurance theories in the original action of *Lane v. Messer. Christensen* was concerned with how disclosure of the existence of traditional insurance might affect a jury in its consideration of possible liability of the tortfeasor. Such a fear would have been groundless in *Lane v. Messer.* Lane's claim in the case at bar

---

**3.** *Penrod* cites a number of cases for the proposition that claims may not be relitigated if they could and should have been litigated in a prior action but were not. In *Wheadon v. Pearson,* 19 Utah 2d 45, 376 P.2d 946, 947 (1962) the court states that

> the parties should litigate their entire claim, demand and cause of action, and every part, issue and ground thereof, and if one of the parties fails to raise any point or issue or to litigate any part of his claim, demand or cause of action and the matter goes to final judgment, such party may not again litigate that claim, demand or cause of action or any issue, point or part thereof which he could have but failed to litigate in the former action.

This rule of broad preclusion is restated in *National Finance Co. v. Daley,* 14 Utah 2d 263, 382 P.2d 405, 407 (1963), where the court states,

> it better comports with the orderly processes of justice to require the plaintiff to bear the responsibility of pleading, proving and claiming the full benefit of whatever character of cause of action he possesses in the original

action and of being bound thereby, than to allow another trial upon the same cause of action raising issues which could have been dealt with in the original action.

While these cases state rules providing broad preclusion, they do not enumerate criteria for determining that a particular claim be precluded because it could and should have been litigated in a prior action.

**4.** Lane has argued that his present claims against Honeywell did not arise until after plaintiff had obtained a judgment against Messer. This contention is without merit. Like Lane's claim of liability based on principles of *respondeat superior,* Lane's present claims require that Lane prove Messer's negligence in order to obtain recovery against Honeywell, but Lane need not obtain judgment prior to asserting such theories. Further, Lane himself acknowledges that these theories were available because Lane in fact asserted at least some of them at the appeal level of the prior action. *See Lane v. Messer,* 731 P.2d 488, 491 (Utah 1986).

is not based on any contract of insurance in the traditional sense between Messer and Honeywell. Rather, Lane argues that because of its own action, Honeywell should be held liable for damages which Messer inflicted, as if Honeywell were his insurer. Finally, this case is distinguishable from *Christensen* in fundamental ways. In *Christensen* the insurance company's only involvement in the suit was as the plaintiff's insurer. In this case plaintiff has alleged independent tortious conduct on the part of Honeywell as the alleged insurer. The causes of action Lane did bring in the original action were based on Honeywell's alleged involvement as an actor in the very accident out of which the litigation arose. The theories Lane asserts in the present action arise out of the same transaction, and they were available to Lane in the original litigation. Accordingly, Lane's claims are precluded under *Penrod* and Honeywell's motion for summary judgment is granted.

## B. *Issue Preclusion*

As an alternative basis for its decision the court also considers Honeywell's argument that issues essential to Lane's theories of liability in this litigation have been determined adversely to Lane in prior actions and that those prior determinations are conclusive in the present case. With respect to issue preclusion the Utah Supreme Court has stated, "issue preclusion prevents the relitigation of issues that have been once litigated and determined in another action even though the claims for relief in the two actions may be different." *Penrod,* 669 P.2d at 875. More recently, in *Robertson v. Campbell,* 674 P.2d 1226, 1230, 1230 n. 2 (Utah 1983), the Utah Supreme Court noted that the determination of an issue in a prior action is conclusive in a subsequent action, whether on the same or a different claim if, (1) the issue was actually litigated in the prior action, (2) the issue was determined by a valid and final judgment, (3) the determination was essential to the judgment, and (4) the determination is asserted against one who was a party to the prior case.

In the case before the court, Lane does not contest that issues determined adversely to Lane in prior litigation may not now be relitigated. Rather, Lane argues that those issues are not determinative of the present lawsuit. Honeywell particularly identified the question of Lane's permissive use of Honeywell's van as the determinative issue upon which Lane's claims hinge. Lane argues that while "permissive use" was critical in prior lawsuits because of exclusion from coverage of liability incurred by non-permissive users under the Hartford Liability Policy, it is not critical in the present case because Lane's present claims involve Honeywell in its capacity as "insurer." Lane contends that Honeywell has no written policy of insurance with respect to claims of $100,000 or less, and that the issue of permissive use, therefore, is irrelevant.

Lane's contention that there is no policy was the subject of some dispute at oral argument on the motion. Honeywell contended that there were in fact two policies, one for claims over $100,000, and one for claims of $100,000 or less. An evidentiary hearing was held on April 6, 1987 with respect to the existence and nature of a policy covering claims of $100,000 or less. The court heard testimony from Cheryl Simmons, a claims manager for the Hartford, and affidavits were presented at the hearing. Having heard the evidence, the court concludes that there was no written policy to cover such claims. There was, however, a practice whereby Hartford would pay the claim and bill Honeywell for reimbursement of the full amount. Honeywell was in fact a self-insurer on such claims, and the scope of its self-insurance was without terms.

Having found that in fact there was no policy with established terms regarding claims of $100,000 or less, and that Honeywell was in fact a self-insurer with respect to such claims the court must now determine whether issues determined in prior litigation are nonetheless determinative of the claim before the court.

The gravamen of Lane's causes of action is Lane's claim that Honeywell's liability as a self-insurer is broader than the liability

for which Honeywell is covered under the Liability Policy. Lane must establish this variance in liability in order to avoid the preclusive effects of former litigation. Since the court has determined that Honeywell's self-insurance was without terms, the scope of Honeywell's liability as self-insurer must be determined with reference to the duties imposed on self-insurers under Utah law.

### 1. Scope of Liability of Self Insurers

■ Lane claims that the expressed public policy of the State of Utah is that motor vehicles be insured, and that this public policy requires a liberal finding and broad liability against Honeywell based on its decision to self-insure. This court disagrees. Public policy as expressed in Utah law is that self-insurers must provide security for damages inflicted by themselves, and *by permissive users* of their vehicles. In *Foster v. Salt Lake County*, 712 P.2d 224, 227 (Utah 1985), the Utah Supreme Court analyzed the duties Utah law imposes on self-insurers. After tracing through Utah's insurance statutes, the court concluded that "self-insurers in 'affording security equivalent to that offered by a policy of insurance' that qualifies under [The Safety Responsibility Act] could not avoid liability for up to $15,000 for damages inflicted by a permissive user of a vehicle." [5] There is no expressed public policy that would require finding liability based upon mere ownership of a vehicle. In *Lane v. Messer*, the Utah Supreme Court noted the general rule that ownership of a motor vehicle does not alone subject the *owner* to liability even for the negligence of a permissive user. 731 P.2d at 491. Lane's contention that public policy requires that a broader scope of liability be imposed upon Honeywell by reason of its decision to pay claims of $100,000

or less is without merit. Neither Honeywell's ownership nor its self-insurance subject it to liability *for damages, unless those* damages are inflicted by itself or by a permissive user of its vehicle.

### 2. Determinative Issues

In both *Hartford v. Messer* and *Messer v. Hartford* the finder of fact determined that Messer was not a permissive user of Honeywell's van.[6] Since the liability of a self-insurer does not extend beyond that arising from permissive use, those prior determinations require dismissal of this case. Lane cannot maintain his claims in this case because issues essential to each claim have been determined adversely to Lane in prior litigation and the prior determinations must be given conclusive effect in this case. Accordingly, Honeywell's motion for summary judgment is granted.

This Memorandum Decision and Order will suffice as the court's final action on this motion; no further Order need be prepared by counsel.

---

5. The amount of $15,000 was determined by Utah Code Ann. 41–12–1(k). The amount had been changed to $20,000 by the time of Lane's accident. Utah's Insurance Code was redrafted in 1986; title 31 has been replaced with title 31A. This court's and the Utah Supreme Court's analysis would not, therefore, necessarily apply to subsequent cases.

6. The parties note that the district court's decision in *Messer v. Hartford* is presently on appeal. The federal rule, and that of a majority of

states, is that the pendency of an appeal does not strip a judgment of its preclusive effects. *See Heron Holding Corp. v. Lincoln M. Operating Co.*, 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725 (1940); *Deposit Bank of Frankfort v. Board of Councilmen*, 191 U.S. 499, 24 S.Ct. 154, 48 L.Ed. 276 (1903); *Performance Plus Fund, Ltd. v. Winfield & Co.*, 443 F.Supp. 1188, 1189–90 (D.C.Cal. 1977). Thus we accord *Messer v. Hartford* conclusive effect in this case.