639 P.2d 1212

**Philip BRYANT and Robert Bennington, Plaintiffs-Appellants,**

v.

**Frank GILMER, Defendant-Appellee,**

and

**David Apodaca, Defendant.**

**No. 5161.**

Court of Appeals of New Mexico.

Jan. 19, 1982.

James G. Chakeres, Horton & Associates, Albuquerque, for plaintiffs-appellants.

Joseph R. Raziano, Shaffer, Butt, Thornton & Baehr, P. C., Albuquerque, for defendant-appellee.

## OPINION

HENDLEY, Judge.

Plaintiffs appeal a summary judgment granted defendants on a personal injury action. The suit arises out of an automobile accident. Plaintiff Bryant was the driver of the first car and plaintiff Bennington was his passenger. The second car was owned by defendant Gilmer, but was allegedly driven by David Apodaca, a/k/a David Gurule, a/k/a David Cassidy, who fled the scene of the accident on foot and who has never been served. Gilmer was not in the car at the time of the accident. James Lassiter, a witness, was in Gilmer's car during the accident.

Plaintiffs sued defendants for personal injuries, alleging that the accident occurred due to the driver's negligence, that Gilmer negligently entrusted the automobile to Apodaca, and that Apodaca was on an errand for Gilmer at the time of the accident. The trial court, after reviewing the pleadings, depositions, and affidavits, entered a summary judgment for defendant Gilmer. Plaintiffs appeal. We affirm.

Many of the facts in this case are disputed. The identity of the driver of the car is in dispute. The defendant, Gilmer, admits that a David Cassidy was employed by him on a part-time basis and that he had a set of keys to his apartment, although he de-

nies knowing a David Apodaca or David Gurule. It is disputed whether Apodaca had a set of keys to his car. The affidavit of Lassiter, the passenger in Gilmer's car at the time of the accident, states Lassiter had ridden in the same car on four prior occasions when Apodaca came to his house to pick him up in the same vehicle. In addition, when asked for Apodaca's telephone number, Lassiter gave a number from memory, which turned out to be Gilmer's unlisted number. By taking these facts in the light most favorable to a trial on the merits, which we must according to *C & H Const. & Paving Co. v. Citizens Bank*, 93 N.M. 150, 597 P.2d 1190 (Ct.App.1979), we could conclude that David Cassidy and David Apodaca are the same person, thus showing Gilmer knew the operator of the vehicle. However, this is not enough to establish that there was a *material* issue of fact in dispute.

The general rule, in the absence of a statute, is that the owner of an automobile is not liable for the negligence of a person using it with his permission. *Peterson v. Feldman*, 7 Ariz.App. 75, 436 P.2d 169 (1968); *Higgans v. Deskins*, 263 S.W.2d 108 (Ky.1953); *Cf. Bouldin v. Sategna*, 71 N.M. 329, 378 P.2d 370 (1963). Since New Mexico does not have a statute, under the general common law rule, Gilmer is not responsible for the negligence of Apodaca, even if he had given him permission to use the car.

Plaintiffs contend that this case falls within either the negligent entrustment, the family purpose, or the agency exception to the general rule. There are no facts in the record to show that Gilmer knew or should have known that Apodaca was not a competent driver. In fact, Gilmer testified in a deposition that he had ridden in a car with Apodaca (Cassidy), that he was a good driver, and that he had not had any accidents in the preceding nine months. Since these facts are undisputed and no additional facts were presented, we do not find that there were any issues of material fact on the negligent entrustment theory.

The family purpose doctrine does not apply in this case because there are no facts to show that Gilmer acted as "head of the family" or that he furnished the car to a member of his family. *State Farm Mut. Auto. Ins. Co. v. Duran*, 93 N.M. 489, 601 P.2d 722 (Ct.App.1979).

Under an agency or master servant theory, the automobile must have been used with the consent and knowledge of the master and the accident must have occurred within the scope of the servant's employment, in the facilitation of the master's business. *Miller v. Hoefgen*, 51 N.M. 319, 183 P.2d 850 (1947). Although it is undisputed that Apodaca (Cassidy) was employed by Gilmer, there is no evidence that Apodaca was using the automobile in the scope of that employment. In fact, Gilmer denies knowing that Apodaca was using his car on the night in question and he filed a stolen car report. There was, therefore, no material issue of fact under an agency theory of liability.

Under the standards set out in *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972), drawing all reasonable inferences favorable to plaintiffs, we hold the summary judgment as to defendant Gilmer was proper.

IT IS SO ORDERED.

WALTERS, C. J., and LOPEZ, J., concur.