699 P.2d 623

Jeane M. SPENCER, Personal Representative of the Estate of Dennis A. Spencer, deceased, Plaintiff-Appellant,

v.

Mary G. GAMBOA and Mesilla Valley Lincoln Mercury, Inc., Defendants-Appellees.

No. 8067.

Court of Appeals of New Mexico.

April 4, 1985.

Certiorari Denied May 8, 1985.

Lloyd O. Bates, Jr., Kyle W. Gesswein, Pickett, Bates & Holmes, Las Cruces, for plaintiff-appellant.

Edward T. Curran, Matthew Holt, Sager, Curran, Sturges & Tepper, P.C., Albuquerque, for defendants-appellees.

## OPINION

NEAL, Judge.

Defendant automobile dealership ("defendant") loaned a truck to defendant Gamboa ("driver") to test drive. She ran a red light and killed plaintiff's husband. The dispositive issue is whether the dealer may be held liable on a theory of negligent entrustment based on an alleged statutory violation of NMSA 1978, Section 66–5–41 (Repl.Pamp.1984). The section prohibits knowingly permitting an unauthorized driver to operate a motor vehicle. The trial court granted summary judgment in favor of the defendant. Plaintiff appeals from an order of summary judgment dismissing

his claim for wrongful death against Mesilla Valley Lincoln Mercury, Inc. We affirm.

**Facts.**

On August 29, 1979, the day before the accident, Mr. and Mrs. Gamboa noticed a 1975 Ford truck parked on the lot of Mesilla Valley Lincoln Mercury, Inc. Mr. Gamboa asked Mrs. Gamboa to make arrangements to pick up the truck to enable him to test drive it, and Mrs. Gamboa did so on August 30, 1979. Neither Mr. Gamboa nor Mrs. Gamboa knew anyone associated with defendant.

Mrs. Gamboa's driver's license expired on July 17, 1979, about six weeks before she test drove the truck, though Mrs. Gamboa was unaware of that fact until approximately two months after the accident. Mrs. Gamboa first received a license to drive when she was fifteen or sixteen, approximately fourteen years before the date of the accident, and during that time her license had never been revoked, nor had she ever received a traffic ticket prior to the date of the accident. Mrs. Gamboa had never been in a traffic accident before the accident on August 30, 1979. Mrs. Gamboa renewed her license on November 16, 1979; she passed both the written test and driving test.

Defendant had a policy of verifying the identity of any person taking a vehicle for test purposes. A salesman would take the name and address of a prospective purchaser and complete a card containing that information as well as the phone number and employer of the prospective purchaser. The salesman would verify the identity of any person taking a vehicle for test purposes by looking at the person's driver's license. The driver's license was referred to for the main purpose of verifying identity of the prospective purchaser. Mrs. Gamboa was asked for her driver's license by the salesman at Mesilla Valley, who glanced at the picture to see if she was who she said she was.

After leaving Mesilla Valley, Mrs. Gamboa drove the vehicle to her residence where it remained parked until she again drove it later that same afternoon. Her brother called, asking for a ride to work. Mrs. Gamboa picked up her brother, delivered him to work, and was returning home at the time of the accident. The only passengers in the vehicle with Mrs. Gamboa were her two children who were sitting in the front of the truck.

Mr. Pena stated that defendant allowed customers to test drive cars as a sales technique and that it furthered the company's business to allow people to test drive cars. He stated that they seldom sell a car without a test drive, and there is almost always a test drive involved in a car sale.

The accident occurred when Mrs. Gamboa ran a red light and collided with the car driven by plaintiff's husband. Plaintiff's husband was killed. She was cited for running the light.

**Discussion.**

Plaintiff seeks to impose liability on the dealership through a theory of negligent entrustment. To do so, plaintiff must show that the defendant loaned the car to a person it either knew or should have known was an incompetent driver, and the driver's incompetence caused the injury. *McCarson v. Foreman,* 102 N.M. 151, 692 P.2d 537, 24 SBB 70 (Ct.App.1984). The car owner is not liable for injuries to another simply because he owns the car and voluntarily loans it to another. *Bryant v. Gilmer,* 97 N.M. 358, 639 P.2d 1212 (Ct.App. 1982). Here, the plaintiff seeks to show negligence in loaning the car through the alleged statutory violation, rather than attempting to show any facts known to defendant revealing that the driver was incompetent.

Section 66–5–41 states:

No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized hereunder or is in violation of any of the provisions of this article.

The language "authorized or knowingly permit" means "know or should have known". *Equitable General Insurance Co. v. Silva,* 99 N.M. 371, 658 P.2d 446

(Ct.App.1983). The statute imposes no affirmative duty on the part of the owner to learn the qualifications of the driver, and thus the owner is guilty of a violation only if he knew, or should have known, the driver was not qualified to drive. *Id.* at 374, 658 P.2d 446.

Plaintiff contends that Section 66–5–41 should be construed as a strict liability statute, reasoning that because the statute is for the protection of the public, *Equitable,* strict liability may be imposed for statutory violations. Defendant responds that in order to hold the owner liable, the violation of the statute must be a proximate cause of the injury. Although it is an issue of first impression in New Mexico, and other jurisdictions which have considered the issue are not in agreement, the better reasoned view supports the defendant's position, as does the case law on analogous issues regarding statutory violations and proximate cause. *See* Annot., 69 A.L.R.2d 978, 987 (1960).

Plaintiff's theory of liability is based on the assumption that the defendant violated the statute by loaning the vehicle to a driver with an expired license. Plaintiff also contends that the statute creates a duty, and violation of the statute constitutes a breach of the duty.

Plaintiff correctly asserts that there are various lines of authority on the issue. The general rule is that proof of violation of a similar statute does not establish liability on the part of the owner guilty of the violation unless a causal connection between the violation and the injury is shown. *Id.* As stated in *Mt. Nebo Baptist Church v. Cleveland Craft Co.,* 154 Ohio St. 185, 93 N.E.2d 668 (1950), the possession of a driver's license might indicate a driver's competency, but the lack of a license is in itself no evidence of lack of incompetence.

Surely no one would contend that the mere want of a driver's license by one who had long had such a license but which had lapsed or expired at the time of the entrustment and at the time of an accident consequent thereon, would constitute any evidence of incompetency of the driver.

*Id.* 93 N.E.2d at 670. Therefore, there must be other evidence that the owner knew, or should have known, of the incompetency of the driver; *see* concurring opinion in *Mt. Nebo; Gulla v. Straus,* 154 Ohio St. 193, 93 N.E.2d 662 (1950).

Other cases have held that where entrustment to an unauthorized person is shown, and the driver negligently caused injury, a causal connection exists between the entrustment in violation of the statute and the injury. 69 A.L.R.2d at 989; *Frontier Theatre, Inc. v. Whisenant,* 291 S.W.2d 395 (Tex.Civ.App.1956). Plaintiff also cites *Owens v. Carmichael's U-Drive Autos, Inc.,* 116 Cal.App. 348, 2 P.2d 580 (1931) as authority, but that case involved an underage person who had *never* been licensed and thus, is distinguishable from this case in which the driver had long been licensed.

Defendant's position is more logical; it is also consonant with New Mexico case law on analogous issues indicating that proximate cause must be established when seeking to impose civil liability based on a statutory violation. *MRC Properties, Inc. v. Gries,* 98 N.M. 710, 652 P.2d 732 (1982); *Bouldin v. Sategna,* 71 N.M. 329, 378 P.2d 370 (1963).

■ The case comes to the court after defendant's motion for summary judgment was granted. The stipulated facts reveal no evidence that Mrs. Gamboa was incompetent to drive; she had been a licensed driver for fourteen years without incident. After the accident she passed the driving tests and her license was renewed. Plaintiff presented no evidence that the defendant knew or should have known that Mrs. Gamboa was an incompetent driver. Therefore, defendant was entitled to summary judgment. *Cargill v. Sherrod,* 96 N.M. 431, 631 P.2d 726 (1981).

Plaintiff raises other issues but they are dependent on a finding in favor of plaintiff on the proximate cause issue and, therefore, we need not reach those contentions.

Affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.