812 P.2d 361

**Randall DeMATTEO and DeMatteo Con-
struction Co., Defendants–Appellants,**

v.

**Julie SIMON, Plaintiff–Appellee.**

No. 10967.

Court of Appeals of New Mexico.

March 19, 1991.

Luis G. Stelzner, Kim A. Griffith, Sheehan, Sheehan & Stelzner, P.A., Albuquerque, for defendants-appellants.

W. Mark Mowery, Rodey, Dickason, Sloan, Akin & Robb, P.A., Santa Fe, for plaintiff-appellee.

## OPINION

CHAVEZ, Judge.

Randall DeMatteo (DeMatteo) and DeMatteo Construction Co. (construction company), defendants, appeal a judgment on a jury verdict awarding Julie Simon, plaintiff, compensatory and punitive damages for injuries arising out of an automobile accident. Defendants raise the following issues: 1) whether the trial court erred in allowing evidence of DeMatteo's pre-accident and post-accident driving history; 2) whether substantial evidence supported the jury's verdict for plaintiff on her negligent entrustment and punitive damages claims; 3) whether the trial court erred in not allowing the construction company to present evidence of its impecunity; 4) whether the trial court erred in allowing plaintiff to cross-examine DeMatteo about conversations he had with his attorney regarding how to answer interrogatories; and 5) whether the trial court was biased against defendants. We reverse and remand on the first issue. Issues raised in the docketing statement but not briefed are deemed abandoned. *State v. Fish*, 102 N.M. 775, 701 P.2d 374 (Ct.App.1985).

## BACKGROUND

Plaintiff sued defendants for injuries she received while riding in a car driven by DeMatteo. Plaintiff alleged that DeMatteo's negligence caused the accident. She also sought to hold the construction company liable under a theory of negligent en-

trustment. In addition, plaintiff sought punitive damages from both defendants. Ultimately, she was awarded compensatory and punitive damages against both defendants.

## DISCUSSION

### I. PRE–ACCIDENT AND POST–ACCIDENT DRIVING HISTORY

■ Defendants argue that the trial court improperly admitted evidence of DeMatteo's driving record before and after the accident to show habit and a pattern of negligence on his part. We agree that DeMatteo's driving record was not admissible to prove that he was negligent in causing the accident. Defendants conceded at trial, however, that DeMatteo's pre-accident driving record was admissible to prove the negligent entrustment claim. Evidence which is properly admissible for one purpose is not to be excluded because it is inadmissible for another purpose. *State v. Wyman,* 96 N.M. 558, 632 P.2d 1196 (Ct. App.1981). The proper remedy in such cases is to ask for a limiting instruction. *See* SCRA 1986, 11–105; McCormick, *Handbook of the Law of Evidence* 136 (2d ed. 1972). Defendants never requested a limiting instruction. They have, therefore, waived any right to complain of the trial court's alleged error. To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling by the trial court on the same grounds argued in the appellate court. *Woolwine v. Furr's, Inc.,* 106 N.M. 492, 745 P.2d 717 (Ct.App. 1987). Having failed to preserve the issue at trial, defendants are precluded from raising their challenge for the first time on appeal.

■ The admissibility of DeMatteo's post-accident driving record, however, raises a different question. The trial judge allowed the admission of defendant's post-accident driving record to show defendant's driving habits. Subsequent conduct, however, is not relevant to show habit. *See De La O v. Bimbo's Restaurant, Inc.,* 89 N.M. 800, 804, 558 P.2d 69, 773 (Ct.App.1976). In addition, his post-accident record is not admissible on the issue of negligent entrustment because the construction company cannot be charged with constructive knowledge of incidents on DeMatteo's driving record that occurred after the accident. The post-accident driving record was also inadmissible on the punitive damages issue, because the post-accident conduct was not material or relevant to DeMatteo's motives or state-of-mind at the time of the incident in question. *See Forquer v. Pinal County,* 22 Ariz.App. 266, 526 P.2d 1064 (1974). It was error for the trial judge to admit this evidence. We therefore reverse and remand on this issue. In the event retrial should occur, we address the following issues, except Issue five, concerning judicial bias, which is unlikely to recur on retrial.

### II. SUBSTANTIAL EVIDENCE

Defendants contend substantial evidence does not support the verdicts against them for negligent entrustment and punitive damages. We disagree. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *Tapia v. Panhandle Steel Erectors Co.,* 78 N.M. 86, 428 P.2d 625 (1967). Moreover, on appeal, the evidence is viewed in the light most favorable to the trial court's decision, and all evidence and inferences to the contrary are disregarded. *Id.*

#### A. Negligent Entrustment

■ To establish a claim for negligent entrustment, plaintiff had to show that 1) the construction company entrusted its vehicle to DeMatteo, 2) the construction company either knew or should have known that DeMatteo was an incompetent driver, and 3) DeMatteo's incompetence caused the injury. *See Spencer v. Gamboa,* 102 N.M. 692, 699 P.2d 623 (Ct.App.1985); *McCarson v. Foreman,* 102 N.M. 151, 692 P.2d 537 (Ct.App.1984). There is no dispute concerning the first element listed above. With regard to the second element, the construction company's representative testified that he knew DeMatteo had received several traffic citations and had been involved in auto accidents. He further testified that had he been aware of DeMatteo's complete driving record, the construction company would not have entrusted DeMatteo with the company car. The representative also

testified that he knew how to obtain a copy of DeMatteo's driving record. Considering that testimony, the jury could reasonably conclude that because the construction company failed to make such an inquiry, it knew or should have known that DeMatteo was an incompetent driver. Further, considering DeMatteo's driving record, his lack of sleep before the accident, and his use of marijuana immediately prior to the accident, the jury could also reasonably decide that it was DeMatteo's incompetence that caused plaintiff's injury. We believe the foregoing to be substantial evidence of the construction company's negligent entrustment.

### B. Punitive Damages

 We also believe substantial evidence supports the jury's award of punitive damages against both defendants. A defendant's utter indifference to the safety of others is a sufficient basis for imposing punitive damages. *Gonzales v. Sansoy,* 103 N.M. 127, 703 P.2d 904 (Ct.App.1984). Evidence that DeMatteo drove three to four hours the day before the accident, slept about five hours in his car, remained awake for the next twenty hours immediately prior to the accident, and then consumed marijuana shortly before the accident allowed the jury to conclude that punitive damages were warranted because DeMatteo displayed an utter indifference for the safety of others when he decided to drive. *See id.; Svejcara v. Whitman,* 82 N.M. 739, 487 P.2d 167 (Ct.App.1971) (driving while intoxicated is sufficient basis for imposing punitive damages).

 Similarly, there is substantial evidence to support the punitive damage award against the construction company. As we stated before, there was evidence that the construction company had knowledge of DeMatteo's questionable driving practices but failed to investigate the matter further before entrusting him with a company car. Based on that evidence, the jury could reasonably conclude that the construction company displayed an utter indifference for the safety of others. As with DeMatteo, an award of punitive damages against the construction company was supported by substantial evidence.

### III. EVIDENCE OF IMPECUNITY

 Defendants also complain that the trial court erred by not allowing evidence of their impecunity. Evidence of a defendant's wealth is relevant for determining the proper amount of punitive damages. *See Ruiz v. Southern Pac. Transp. Co.,* 97 N.M. 194, 638 P.2d 406 (Ct.App. 1981); *Aragon v. General Elec. Credit Corp.,* 89 N.M. 723, 557 P.2d 572 (Ct.App. 1976). Although undecided in New Mexico, other jurisdictions allow a defendant to introduce evidence of this financial condition even if the plaintiff has not opened the door by first offering evidence of the defendant's financial condition. *See, e.g., Holmes v. Hollingsworth,* 234 Ark. 347, 352 S.W.2d 96 (1961); *Rinaldi v. Aaron,* 314 So.2d 762 (Fla.1975); *Porter v. Funkhouser,* 79 Nev. 273, 382 P.2d 216 (1963); *Parker v. Hoefer,* 118 Vt. 1, 100 A.2d 434 (1953). Without adopting a hard-and-fast rule, we conclude that the trial court did not abuse its discretion in excluding evidence of defendants' impecunity because it was unfairly prejudicial and would mislead the jury in this case. *See* SCRA 1986, 11–403.

 In accordance with New Mexico law, the trial court excluded evidence of a $1,000,000 insurance policy that insured defendants against punitive damages. *See Baker v. Armstrong,* 106 N.M. 395, 744 P.2d 170 (1987). In an attempt to minimize punitive damages, defendants sought to imply that they could not pay a punitive damage award due to their poor financial condition. Given the existence of insurance coverage for punitive damages, the trial court was concerned the jury would be misled by evidence of impecunity. We hold that under our abuse of discretion standard of review, *see In re Ferrill,* 97 N.M. 383, 640 P.2d 489 (Ct.App.1981), it was not contrary to all logic and reason for the trial court to conclude that the probative value of the evidence was outweighed by its misleading and prejudicial impact. *See Three Rivers Land Co. v. Maddoux,* 98 N.M. 690, 652 P.2d 240 (1982), *overruled on other grounds,* 105 N.M. 57, 728 P.2d 467 (1986). The trial court could properly conclude that the probative value of the evidence of impe-

cunity was substantially outweighed by the danger that the jury would be misled.

## IV. ATTORNEY–CLIENT PRIVILEGE

█ Defendants contend that the trial court improperly permitted plaintiff to cross-examine DeMatteo concerning privileged conversations with his attorney. Plaintiff cross-examined DeMatteo about his answers to interrogatories and what his attorney told him to state in the answers. Prior to defendants' first objection to the line of questioning, DeMatteo volunteered privileged information about his attorney's instructions, and defendants' attorney failed to object to three questions that implicated the privilege. Moreover, after the one and only objection made by defendants was overruled, the defendants failed to object to several subsequent questions that also implicated the privilege. Under those circumstances, defendants waived their right to assert attorney-client privilege on this matter. *See* SCRA 1986, 11–511.

Defendants contend that the information volunteered by DeMatteo concerned procedural instructions from his attorney rather than factual communications. Without citation to authority, defendants argue that they did not waive their right to assert privilege as to factual communications between attorney and client. Whether or not defendants' objection made such a distinction, arguments unsupported by authority will not be considered on appeal. *See In re Adoption of Doe*, 100 N.M. 764, 676 P.2d 1329 (1984). Moreover, defendants have failed to show that correction of trial court error on this issue, if any, will change the result below. Absent such a showing, we will not reverse the trial court's decision. *See Wright v. Brem*, 81 N.M. 410, 467 P.2d 736 (Ct.App.1970).

We, therefore, reverse and remand for a new trial on issue one.

IT IS SO ORDERED.

ALARID, C.J., and DONNELLY, J., concur.