**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EDMUNDO AMPARAN; KIMBERLY L.
AMPARAN,

     Plaintiffs - Appellants,

v.

LAKE POWELL CAR RENTAL
COMPANIES,

     Defendant - Appellee,

and

MEVLUT BERKAY DEMIR;
DENIZCAN KARADENIZ; PV
HOLDING CORPORATION, a Delaware
corporation,

     Defendants.

No. 17-2094

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:15-CV-00045-WJ-GJF)**
_____

Thomas C. Bird (Kurt Wihl with him on the briefs), Keleher & McLeod, P.A.,
Albuquerque, New Mexico, for Plaintiffs - Appellants.

Robert F. Gentile (Jonathan A. Garcia with him on the brief), Guebert Bruckner P.C.,
Albuquerque, New Mexico, for Defendant - Appellee.
_____

Before **BACHARACH**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

**McHUGH**, Circuit Judge.

_____

Edmundo Amparan and Kimberly L. Amparan (the "Amparans") appeal from the district court's grant of summary judgment in favor of Lake Powell Car Rental Companies ("Lake Powell") on the Amparans' claims for negligent entrustment and loss of consortium. The claims arose from a vehicle accident involving a motorcycle operated by Mr. Amparan and a Ford Mustang rented by Lake Powell to Denizcan Karadeniz and operated by Mevlut Berkay Demir. Mr. Karadeniz and Mr. Demir are both Turkish nationals who were under the age of twenty-five at the time of the accident. Because the Amparans failed to come forward with evidence from which the jury could find an essential element of their claim for negligent entrustment, we affirm.

## I.     BACKGROUND

### A.     *Factual History*

On July 14, 2014, a group of Turkish nationals, including Mr. Karadeniz, visited Lake Powell to rent two vehicles. Mr. Karadeniz produced a valid Turkish driver's license and a valid credit card. Mert Tacir, another member of the group, produced a valid Turkish driver's license. The owner and operator of Lake Powell, Paul Williams, asked the remaining individuals in the group if they possessed valid driver's licenses. Mr. Demir responded that he possessed a valid driver's license. At the time of the rental, Mr. Karadeniz, Mr. Tacir, and Mr. Demir were all twenty-one years old.

2

Although Mr. Williams recognized that Mr. Karadeniz and Mr. Tacir were under the age of twenty-five, he nonetheless agreed to rent a Dodge Caravan and a Ford Mustang to Mr. Karadeniz and to permit Mr. Tacir to be an additional authorized driver for the Ford Mustang. None of the other members of the group, including Mr. Demir, completed an "Additional Driver Application/Agreement."[1] Evidence in the record supports the conclusion that Mr. Williams's decision to rent two vehicles to an individual under the age of twenty-five and to permit an additional driver under the age of twenty-five violated internal policies propagated by Lake Powell's licensor, Avis Rent A Car Systems, LLC ("Avis").[2] The Amparans further contend that Lake Powell's rental and entrustment of the vehicles to individuals under twenty-five ran contrary to age-based restrictions employed by other companies in the car rental business.

---

[1] The parties dispute whether, by inquiring about Mr. Demir's possession of a valid driver's license, Lake Powell implicitly entrusted the rental vehicles to Mr. Demir. Mr. Demir testified that he understood Mr. Williams's inquiry into whether he possessed a driver's license as signaling that he had Lake Powell's permission to operate the vehicles. New Mexico law recognizes that an entity can implicitly entrust a vehicle to another. *Armenta v. A.S. Horner, Inc.*, 356 P.3d 17, 25 (N.M. Ct. App. 2015). Because a reasonable jury could adopt Mr. Demir's understanding of the purpose of the inquiry into whether he possessed a driver's license, we proceed under the assumption that Lake Powell implicitly entrusted the rental vehicles to Mr. Demir. *See Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009) ("We examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party."),

[2] Although the district court granted summary judgment in favor of Avis and Avis was initially a party to this appeal, this Court dismissed Avis following the filing of a stipulation of dismissal pursuant to Fed. R. App. P. 42(b).

During the course of the rental, Mr. Demir operated the Ford Mustang. Mr. Demir, unfamiliar with the traffic rules governing left turns at intersections, turned left on a standard green light without yielding to oncoming traffic. Mr. Amparan, traveling in the oncoming direction, unsuccessfully attempted to swerve to avoid hitting the turning vehicle operated by Mr. Demir and the two vehicles collided. As a result of the collision, Mr. Amparan alleges he suffered multiple broken bones, a punctured lung, and various other injuries.

## B.    *Procedural History*

The Amparans commenced this action by filing a complaint in New Mexico state court, naming Mr. Demir, Mr. Karadeniz, and Avis as defendants. Avis removed the action to federal court. After an initial round of discovery, the district court granted the Amparans leave to amend their complaint and the Amparans added Lake Powell as a defendant.[3] Relevant to this appeal, the amended complaint raised claims against Lake Powell for negligent entrustment and loss of consortium.[4]

Lake Powell moved for summary judgment. Relative to the negligent entrustment claim, Lake Powell argued, in part, that, even if it implicitly entrusted the Ford Mustang to Mr. Demir, it neither knew nor should have known that Mr. Demir was likely to operate the Ford Mustang in such a manner as to create an

---

[3] The amended complaint also added PV Holding Corporation, a subsidiary of Avis, as a defendant. The district court granted PV Holding Corporation's motion for summary judgment and that order is not before us on appeal.

[4] The amended complaint also raised a claim for negligent supervision and training against Lake Powell, the dismissal of which the Amparans do not challenge on appeal.

4

unreasonable risk of harm to others. Subsequent to Lake Powell's motion for summary judgment, the Amparans filed a notice of testifying expert, identifying James S. Tennant as an expert on both the risk posed by young drivers and standards of care in the car rental industry. The Amparans also contested Lake Powell's motion for summary judgment, arguing in part that Lake Powell's violation of internal policies regarding renting to, or approving as additional drivers, individuals under twenty-five constituted sufficient evidence to permit the finding that Lake Powell knew or should have known that Mr. Demir was likely to operate the Ford Mustang in such a manner as to create an unreasonable risk of harm to others. Through separate motions, Lake Powell sought to strike Mr. Tennant's expert report and to strike all or part of the Amparans' response to the motion for summary judgment.

The district court commenced its summary judgment order by providing "constructive criticism" to counsel for the Amparans concerning their failure to conform responsive filings to the local rules and to Federal Rule of Civil Procedure 56(c). Although the district court indicated it would not consider factual assertions in the Amparans' response to summary judgment that did not comply with District of New Mexico Local Rule of Civil Procedure 56.1(b) and Federal Rule of Civil Procedure 56(c)(1)(A), the district court denied Lake Powell's motions to strike as moot. The district court deemed the motions to strike moot based on its conclusion that the Amparans' evidence regarding Lake Powell's alleged violation of internal policies was insufficient, on its own, to permit a reasonable jury to conclude that Lake Powell knew or should have known that Mr. Demir was likely to operate the

5

Ford Mustang in such a manner as to create an unreasonable risk of harm to others. And while the district court found that there were disputes of fact with respect to whether Lake Powell entrusted the Ford Mustang to Mr. Demir and whether Lake Powell violated any internal policies, the district court concluded that these genuine disputes of fact were not material because resolution of the disputes in favor of the Amparans did not alter the summary judgment calculus. Finally, the district court concluded that because the Amparans' substantive tort claims failed, the derivative loss of consortium claim also failed.

On appeal, the Amparans argue that the district court failed to perform a proper analysis under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), in that a New Mexico court would view evidence of a violation of internal policies, which are also allegedly industry standards, sufficient to advance a claim for negligent entrustment. In support of this argument, the Amparans primarily rely on *Grassie v. Roswell Hospital Corp.*, 258 P.3d 1075 (N.M. Ct. App. 2010), and the expert report of Mr. Tennant. Separately, the Amparans urge us to address the merits of Lake Powell's motions to strike.[5]

## II.    DISCUSSION

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's grant of summary judgment in favor of Lake Powell on the Amparans' claims for

---

[5] Following oral argument, and pursuant to Fed. R. App. P. 28(j), the Amparans filed a letter of supplemental authority regarding the interplay between *Grassie v. Roswell Hospital Corp.*, 258 P.3d 1075 (N.M. Ct. App. 2010), and the Uniform Jury Instruction on negligent entrustment, NMRA, Civ. UJI 13-1646.

negligent entrustment and loss of consortium. Further, because the district court denied Lake Powell's motions to strike such that all materials remain in the record for our consideration on appeal and because we affirm the district court's grant of summary judgment, we find it unnecessary to analyze the merits of Lake Powell's motions to strike.

## A.    *Standard of Review*

We review a district court's grant of summary judgment de novo. *Universal Underwriters Ins. Co. v. Winton*, 818 F.3d 1103, 1105 (10th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On appeal, "[w]e examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009). In so doing, we "need not defer to factual findings rendered by the district court." *CareFirst of Md., Inc. v. First Care, P.C.*, 434 F.3d 263, 267 (4th Cir. 2006) (citing *Seamons v. Snow*, 206 F.3d 1021, 1026 (10th Cir. 2000)).

## B. *Summary Judgment Analysis*

This appeal turns on the straightforward question of whether the Amparans advanced sufficient evidence to allow a reasonable jury to conclude that they established every element of a claim for negligent entrustment. Under *Erie Railroad Co. v. Tompkins*, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). "When the federal courts are called upon to interpret state law, the federal court must look to rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule." *Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070, 1077 (10th Cir. 2007). Where a state's highest court has not addressed an issue of law, a starting point for conducting an *Erie* analysis is the decisions of the state's intermediate court of appeals and those decisions are "not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.* (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)). A federal court performing an *Erie* analysis may also consider "appellate decisions in other states with similar legal principles . . . and the general weight and trend of authority in the relevant area of law." *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 666 (10th Cir. 2007) (citations omitted). Finally, "we are generally reticent to expand state law without clear guidance from [the state's] highest court" for it is not a federal court's place to "expand . . . state law beyond the bounds set by the [highest court of the state]." *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1295 (10th Cir. 2017).

8

Under New Mexico law, a party raising a claim for negligent entrustment based on the entrustment of a motor vehicle must establish five elements:

(1)     Defendant was the owner or person in control of the vehicle that caused plaintiff's injuries;
(2)     Defendant permitted the third party to operate the vehicle;
(3)     Defendant knew or should have known that the third party was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others;
(4)     The third party was negligent in the operation of the motor vehicle; and
(5)     The third party's negligence was a cause of the injury to plaintiff.

*See* NMRA, Civ. UJI 13-1646; *see also Gabaldon v. Erisa Mortg. Co.*, 990 P.2d 197, 203 (N.M. 1999) ("Standard negligent entrustment doctrine assigns liability to a defendant if they 'permit a third person to use a thing or to engage in an activity which is under the control of the defendant, if the defendant knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.'" (quoting Restatement (Second) of Torts § 308 (1965))). At issue is whether the Amparans' evidence—that Lake Powell implicitly entrusted the Ford Mustang to Mr. Demir, an individual under twenty-five, in violation of internal policies—is sufficient to establish the third element of a claim for negligent entrustment. Our survey of New Mexico law, as well as the general trend of authority in other jurisdictions, leads us to conclude that the New Mexico Supreme Court would find evidence of a car rental company's violation of its internal policies regarding a renter's or driver's age insufficient to establish the third element of a claim for negligent entrustment.

9

On at least three occasions, the New Mexico Court of Appeals has analyzed the third element of a claim for negligent entrustment where the entrustment involved a motor vehicle. Each time, the New Mexico Court of Appeals equated whether the defendant knew or should have known that the third party was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others to whether the defendant knew or should have known that the third party was an "incompetent driver." *DeMatteo v. Simon*, 812 P.2d 361, 363–64 (N.M. Ct. App. 1991); *Spencer v. Gamboa*, 699 P.2d 623, 624 (N.M. Ct. App. 1985); *see McCarson v. Foreman*, 692 P.2d 537, 541 (N.M. Ct. App. 1984) (requiring evidence that entrustor knew or should have known that entrustee "was an incompetent or unfit driver"). In considering whether an entrustor knew or should have known that an entrustee was an incompetent driver, the New Mexico Court of Appeals has considered what aspects of the entrustee's driving record, faculties to drive at the moment of entrustment, and behavioral characteristics potentially impacting the entrustee's future capacity to operate a motor vehicle were known to or available to the entrustor. *See DeMatteo*, 812 P.2d at 363–64 (concluding that a jury could find entrustor knew or should have known that entrustee was an incompetent driver based on entrustee's lack of sleep, use of marijuana, history of traffic citations, and involvement in prior automobile accidents); *McCarson*, 692 P.2d at 543 (evidence of entrustee's social drinking habits, prior DWI and cocaine charges, several speeding tickets and warnings, and ingestion of medication which enhances effects of alcohol

10

could result in a jury concluding that entrustor knew or should have known that entrustee was an incompetent driver).

Most on point with the evidence in the case before us, *Spencer* involved a car dealership that entrusted a vehicle to an individual with an expired license. *See Spencer*, 699 P.2d at 624. The plaintiff in *Spencer*, whose husband was killed when the entrustee ran a red light and struck the plaintiff's husband's vehicle, relied on the expiration of the entrustee's driver's license to establish that the car dealership knew or should have known that the entrustee was an incompetent driver. *See id.* at 624–25. The New Mexico Court of Appeals rejected the plaintiff's argument and upheld summary judgment in favor of the dealership. The court concluded that even though the car dealership's entrustment of the vehicle to the entrustee violated state law, the plaintiff failed to advance sufficient evidence showing that the car dealership knew or should have known that the entrustee, herself, was an incompetent driver. *Id.* at 625.

From *Spencer*, we learn that evidence of an entrustee's lack of a valid driver's license coupled with the entrustor's violation of state law is insufficient to permit a jury to conclude the entrustor knew or should have known the entrustee was an incompetent driver. It follows, then, that evidence showing a violation of internal policies regarding whether the entrustee operating the vehicle attained twenty-five years of age is also insufficient to satisfy the third element of a claim for negligent entrustment. Lake Powell's violation of internal policies regarding the minimum age of renters and drivers provides little evidence regarding Mr. Demir's particular competency to operate a motor vehicle, as known to Lake Powell at the time of the

11

entrustment. The inadequacy of the Amparans' evidence is all the more apparent given that Mr. Demir had attained the minimum driving age in New Mexico, Mr. Demir possessed a valid driver's license at the time of the entrustment, and the entrustment did not violate any state law. And while *Spencer*, *DeMatteo*, and *McCarson* are decisions of the New Mexico Court of Appeals rather than the New Mexico Supreme Court, we must give these cases due respect when performing our *Erie* analysis. *See Stickley*, 505 F.3d at 1077 (decision of state intermediate appellate court should only be disregarded if there is "persuasive data that the highest court of the state would decide otherwise").

Our confidence in the result called for by application of *Spencer*, *DeMatteo*, and *McCarson* is augmented by the apparently unanimous trend of out-of-state authority rejecting the Amparans' contention that a car rental company's violation of internal policies regarding the minimum age of renters and drivers can sustain a claim for negligent entrustment of a motor vehicle. *See Wheat v. Kinslow*, 316 F. Supp. 2d 944, 952–53 (D. Kan. 2003) (rejecting "per se characterization of 18 year-old drivers as reckless or incompetent" and dismissing negligent entrustment claim based on rental to 18-year-old in violation of company's minimum age requirement); *Scott v. Hertz Corp.*, 722 So. 2d 231 (Fla Dist. Ct. App. 1998) (holding that evidence of car rental company's violation of internal policy regarding minimum age of renters could not sustain claim for negligent entrustment); *Drummond v. Walker*, 643 F. Supp. 190, 191–92 (D.D.C. 1986) (rejecting negligent entrustment claim based on car rental company's failure to follow internal policy placing restrictions on rentals to

12

individuals under twenty-one and concluding that the entrustee's age and lack of proper identification and credit did "not reflect directly on his ability to operate a car competently").[6]

In an effort to overcome the extensive body of case law supporting the conclusion that the New Mexico Supreme Court would reject the proposition that evidence of a car rental company's violation of internal policies is sufficient to establish the third element of a claim for negligent entrustment even where the entrustee possesses a valid driver's license, the Amparans point us to *Grassie v. Roswell Hospital Corp.*, 258 P.3d 1075 (N.M. Ct. App. 2010). And, the Amparans argue that, while the internal policy violation in *Grassie* was insufficient to sustain the verdict in favor of plaintiff, unlike the plaintiff in *Grassie*, they have an expert witness on car rental industry standards regarding rentals to individuals under twenty-five.

In *Grassie*, the New Mexico Court of Appeals concluded that the defendant's failure to follow internal policy when hiring a doctor to staff its emergency room was

---

[6] *See also Cowan v. Jack*, 922 So. 2d 559, 568 n.13 (La. Ct. App. 2005) (rejecting argument that entrustee's age can provide basis for establishing entrustee's incompetence as a driver); *Mathews v. Federated Serv. Ins. Co.*, 857 P.2d 852, 857–58 (Or. Ct. App. 1993) (dismissing negligent entrustment claim against car dealership that loaned car in violation of internal policy on age and stating "[w]ithout more, an allegation that a person entrusted a car to a person who is under 25 cannot state a claim for negligent entrustment" so long as entrustee attained state's minimum age for obtaining a driver's license); *Bartley v. Budget Rent-A-Car Corp.*, 919 S.W.2d 747, 752 (Tex. App. 1996) (absent specific evidence to the contrary, entrustee's possession of driver's license demonstrates entrustee's competency to drive); *Eskew v. Young*, 992 F. Supp. 1049, 1053–54 (S.D. Ill. 1998) (production of foreign driver's license suggests entrustee's competency to drive); *Nielson v Ono*, 750 F. Supp. 439, 443 (D. Haw. 1990) (same).

probative evidence relative to the plaintiff's claim alleging negligence in hiring. *Id.* at 1093. But the fact that evidence of a violation of an internal policy is probative on the question of negligence does not establish that the evidence is sufficient to make out a prima facie case of negligence.

This gap between probative evidence and evidence sufficient to advance a claim is accentuated where the claim advanced is for negligent entrustment. The specific language of the third element of a claim for negligent entrustment of a motor vehicle requires proof that the defendant "knew or should have known that the third party was *likely* to use the vehicle in such a manner as to create an unreasonable risk of harm to others." *See* NMRA, Civ. UJI 13-1646 (emphasis added). A driver's young but lawful age may, on average, increase the probability that the driver will operate the vehicle in an unsafe manner. However, it cannot be said that the driver's young age, on its own, makes it *likely* that the driver will cause an accident, will operate the vehicle in an incompetent manner, or will operate the vehicle in such a manner as to create an unreasonable risk of harm to others. For, if such were true, no individual in New Mexico could grant a person under the age of twenty-five permission to drive a vehicle without facing liability for negligent entrustment based solely on the entrustee's youthful age.[7] Thus, at most, *Grassie* compels the

---

[7] In rebuttal at oral argument, the Amparans contended that car rental companies should be held to a higher standard than ordinary, private citizens. However, the Amparans fail to cite any New Mexico case law in support of this contention and, by virtue of the diversity nature of this case, we are reticent to expand state law. *See Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1295 (10th Cir. 2017). Further, if anything, the New Mexico Supreme Court cast significant doubt on

conclusion that if the Amparans had evidence regarding Lake Powell's knowledge about Mr. Demir's specific incompetency to drive, the Amparans could present evidence of Lake Powell's violation of internal policies to support the proposition that Lake Powell knew or should have known that Mr. Demir was an incompetent driver. In sum, *Grassie* does not counsel against application of *Spencer*, *DeMatteo*, and *McCarson*.[8]

Accordingly, we hold that the New Mexico Supreme Court would conclude that evidence of a car rental company's violation of internal policies on the minimum age of renters and drivers is, on its own, insufficient to establish the third element of a claim for negligent entrustment of a motor vehicle. Thus, the Amparans failed to advance sufficient evidence to make out a prima facie case of negligent entrustment.

the Amparans' contention that companies whose business includes the entrustment of vehicles should be held to a higher standard when it favorably cited *Spencer* for the proposition that such companies do not have a duty to investigate the driving competencies of an entrustee prior to entrusting a vehicle. *Gabaldon v. Erisa Mortg. Co.*, 990 P.2d 197, 205 (N.M. 1999).

[8] Even if we accepted the Amparans' argument that *Grassie* provides an alternative means by which a plaintiff may establish a claim for negligent entrustment, we would still conclude the Amparans failed to advance sufficient evidence to proceed past summary judgment. Notably, the court in *Grassie* reversed a jury award on the plaintiff's claim alleging negligence in hiring because it concluded that, absent expert testimony regarding the standard of care due by hospitals when hiring staff, evidence of a violation of an internal hiring policy was insufficient to provide the jury an adequate basis for determining the standard of care. *Grassie v. Roswell Hosp. Corp.*, 258 P.3d 1075, 1094 (N.M. Ct. App. 2010). The Amparans' evidentiary offerings suffer from a similar defect. While the Amparans rely on the expert report of Mr. Tennant, the report neither adopts the opinion that the majority of car rental companies do not rent to individuals under twenty-five nor clearly articulates a standard of care regarding specific restrictions employed by car rental companies relative to the rental or entrustment of vehicles to individuals under twenty-five.

15

And, by virtue of a loss of consortium claim being a derivative claim, *Thompson v. City of Albuquerque*, 397 P.3d 1279, 1281 (N.M. 2017), the Amparans' loss of consortium claim also fails.

### C.  *Lake Powell's Motions to Strike*

In concluding that the district court properly granted summary judgment in favor of Lake Powell, we need not reach the merits of Lake Powell's motion to strike the expert report of Mr. Tennant or Lake Powell's motion to strike all or part of the Amparans' response to Lake Powell's motion for summary judgment.

### III.  CONCLUSION

We **AFFIRM** the district court's grant of summary judgment in favor of Lake Powell on the Amparans' claims for negligent entrustment and loss of consortium.

16