This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROSANNE ARAGON, individually,**
**ROSANNE ARAGON, as parent and**
**next friend of JOE ANTHONY ALDERETE,**
**a minor child,**

      Plaintiff-Appellant,

v.                   **No. A-1-CA-36715**

**ALLSTATE INSURANCE COMPANY,**
**and FRANKIE CABRERA,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Mescall Law Firm, P.C.
Thomas J. Mescall, II
Phillip Patrick Baca
Albuquerque, NM

for Appellant

Chapman and Priest, P.C.
Stephen M. Simone
Mitchell Freedman
Albuquerque, NM

Stiff, Keith & Garcia, LLC
Ann L. Keith
Edward F. Snow
Albuquerque, NM

for Appellee Allstate Insurance Company
on the contractual claims

Frizzell Law Firm, P.C.
David W. Frizzell
Albuquerque, NM

for Appellee Frankie Cabrera

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Plaintiff Rosanne Aragon, as an individual and in her capacity as parent and next friend of Joe Anthony Alderete (Child), appeals following jury verdicts in favor of Defendants Allstate Insurance Company (Allstate) and Frankie Cabrera (Cabrera) on Plaintiff's punitive damages and insurance bad faith claims. [DS 2] We issued a notice proposing to affirm. Plaintiff has filed a memorandum in opposition, and Allstate has filed a memorandum in support, both of which we have duly considered. Remaining unpersuaded by Plaintiff's arguments, we now affirm.

{2}     Of the six issues Plaintiff raised in her docketing statement, she continues to seek reversal on the bases of only Issues 1, 2, 3, 5, and 6. [MIO 3-9] We therefore do not address Plaintiff's Issue 4. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned).

**{3}** The pertinent background information was previously set forth in the notice of proposed summary disposition. We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition. [*See* CN 3]

**{4}** Addressing Plaintiff's issues in numerical order, we note Plaintiff first argues the district court erred in excluding various facts regarding Cabrera's criminal history and an unrelated criminal case in which Cabrera was also alleged to have rear-ended a car while he was driving under the influence. [MIO 7-9, 32-44] We proposed to hold the evidence Plaintiff sought to introduce was irrelevant and inadmissible under Rule 11-404(B)(1) NMRA. In her memorandum in opposition, Plaintiff cites inapposite or non-binding authority in support of the repetitious arguments already made in her docketing statement. The only relevant authority Plaintiff cites supports affirmance of the district court's exclusion of the evidence. *See DeMatteo v. Simon*, 1991-NMCA-027, ¶¶ 3-4, 112 N.M. 112, 812 P.2d 361 (holding pre- and post-accident driving records were inadmissible to show a habit of negligent driving). We therefore conclude the district court did not err by excluding evidence of Cabrera's driving history and criminal record.

**{5}** Plaintiff next continues to argue the district court commented on the evidence when it allowed counsel for Allstate to argue the district court had previously determined a defense witness's affidavit was not submitted in bad faith. [MIO 4-5, 28-

3

29] As we noted in our proposed disposition, the statement Plaintiff challenges occurred during closing argument and was made by Allstate, not the district court. [CN 7] In response, Plaintiff argues the statement by Allstate amounted to a comment by the district court because it occurred immediately after a sidebar ruling, and Allstate stated the district court authorized it to make such a statement. [MIO 4, 28-29] Plaintiff's suggested equivalency of a party's argument following a ruling and a comment on the evidence by the district court is unavailing and unsupported by authority. *See ITT Educ. Servs., Inc. v. N.M. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating this Court will not consider propositions that are unsupported by citation to authority). We therefore conclude the district court did not improperly comment on the evidence.

{6}     Plaintiff next argues the district court erred in denying its motion for contempt based on an affidavit Plaintiff asserts was made in bad faith. [MIO 3, 25-27] We proposed to conclude Plaintiff had not demonstrated the district court's determination was unsupported by evidence or based on a misunderstanding of the law because Plaintiff's argument was based on assertions of counsel, rather than facts of record, and because this Court does not reweigh evidence. [CN 9] Beyond  repeating the arguments and contrary assertions in her docketing statement and arguing Allstate does not rebut her allegations of perjury, Plaintiff does not demonstrate either error

by the district court or error in fact or law in our notice of proposed disposition. The appellate court presumes the trial court is correct. The burden is on the appellant to clearly demonstrate the trial court erred. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. We therefore conclude the district court did not err in denying Plaintiff's motion for contempt.

{7} Plaintiff next argues the district court erred in allowing Allstate's expert to testify regarding the legal viability of Plaintiff's claim. [MIO 5, 30] We proposed to conclude the admission of the expert testimony was not erroneous because Plaintiff had not demonstrated his objection was preserved and had not provided facts sufficient for review. [CN 12] Again, as in her docketing statement, Plaintiff does not explain the substance of the expert testimony or her objection. [*See* DS 12; MIO 5, 30] Counsel must set out all relevant facts in the docketing statement, including those facts supporting the district court's decision. *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (stating that "the docketing statement must state all facts material to the issues" and explaining "[t]his means that the docketing statement should recite any evidence which supports the trial court's findings"). "We

will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. Moreover, this Court has no duty to review an argument that is not adequately developed. *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow the Court to evaluate the claim). We therefore conclude the district court did not err in admitting the expert's testimony.

**{8}** Finally, Plaintiff continues to argue the district court erred in dismissing Child's insurance bad faith claim on the ground a minor cannot legally enter into a contract. [MIO 6, 31] As we noted in our proposed disposition, this issue appears to be based on the argument the district court dismissed Plaintiff's claims on behalf of Child on grounds not argued by the parties. [CN 13; *see* DS 13] While we acknowledge, as Plaintiff points out, the damages awarded to Child resulted from the liability trial, Plaintiff has again failed to provide any citation to facts or authority demonstrating how the district court's ruling was erroneous. *See Muse*, 2009-NMCA-003, ¶ 72; *Headley*, 2005-NMCA-045, ¶ 15; *ITT Educ. Servs., Inc.*, 1998-NMCA-078, ¶ 10. We therefore conclude the district court did not err in dismissing Child's insurance bad faith claim.

**{9}** Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm.

**{10}** **IT IS SO ORDERED.**

                                                _____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**J. MILES HANISEE, Judge**

_____

**DANIEL J. GALLEGOS, Judge**